UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
OSTROLENK FABER LLP,

Plaintiff,

18 cv 10852 (PKC)

OPINION AND ORDER

-against-

OFFICE DEPOT, INC.,

Defendant.
-----------------------------------------------------------------------
OFFICE DEPOT, INC.,

Defendant/Third-Party Plaintiff,

-against-

SAKAR INTERNATIONAL, INC.,

Third-Party Defendant.

-----------------------------------------------------------------------

CASTEL, U.S.D.J.

This diversity action began as a suit by a law firm, Ostrolenk Faber LLP ("Ostrolenk"), against Office Depot, Inc. ("Office Depot") for unpaid legal fees. The main action between Ostrolenk and Office Depot has been dismissed with prejudice. (Doc. 40.) Remaining before this Court is a third-party complaint filed by Office Depot against Sakar International, Inc. ("Sakar"). Office Depot seeks to compel Sakar to indemnify it for any fees, costs and damages it incurred in this action, including attorneys' fees and costs associated with defending this action and prosecuting this third-party action. (Third-Party Compl. ¶ 35; Doc. 36.)

Office Depot's entitlement to indemnity is not disputed by Sakar, and the parties agreed to submit the issue of the reasonableness of the attorneys' fees and expenses to this Court for determination. (Order of Sept. 10, 2019; Doc. 47.) Sakar opposes Office Depot's motion for

attorneys' fees and expenses solely on the grounds of reasonableness.[1] For reasons that will be explained, Office Depot's motion will be granted.

BACKGROUND

In selling products to Office Depot, Sakar entered into a Trade Vendor Purchasing Agreement (the "Vendor Agreement"). (Doc 36-1.) The Vendor Agreement included "Operating Guidelines" that were expressly incorporated into the Vendor Agreement. (Doc. 36-1 at 21 of 30.) The Operating Guidelines included a broad indemnification provision in which Sakar agreed to "defendant, indemnify and hold harmless Office Depot . . . at [Sakar's] expense from and against any claim . . . proceeding, suit , liability, loss, cost expense . . . attorneys fees . . . including damages of any kind resulting from, arising out of or in connection with . . . (c) patent . . . infringement with respect to any of the Products covered by this Agreement." (Doc. 36-1 at 27 of 30.)

Office Depot was sued by Voltstar Technologies ("Voltstar") in the United States District Court for the Southern District of Florida alleging that certain electrical charges sold by Office Depot infringed a patent held by Voltstar (the "Voltstar Action").[2] The accused devises, electrical chargers, had been supplied by Voltstar.

On September 11, 2015, the Ostrolenk firm wrote to Office Depot identifying itself as "litigation counsel" to Sakar and advising that "Sakar hereby agrees to indemnify and

---

[1] "As Sakar's Answer to the Third-Party Complaint candidly makes clear repeatedly, Sakar disputes only the grossly excessive amount of Office Depot's attorneys' claimed fees for defending the main action." (Sakar Mem. in Opp. at 1; Doc. 53.)

[2] Voltstar Technologies, Inc. v. Office Depot, Inc., 15 cv 81190 (S.D. Fla.). The action was filed on August 21, 2015 and the parties announced an agreement in principle on June 7, 2016 and filed a stipulation of dismissal filed on September 28, 2016. A claim construction brief was filed by Voltstar seeking a judicial construction of 21 terms and by Office Depot seeking construction of 12 terms. The parties' joint claim construction chart appeared to narrow the disputed constructions to 22 terms. Ostrolenk's fees in the action totaled $400,000 of which about $160,000 were paid at the time this action was commenced.

hold harmless Office Depot, Inc. from the claims in the [Voltstar Action]." (Doc 36-2.) Office Depot was advised that:

> Sakar also agrees, at its expense and through counsel of its choice, to promptly assume and have sole control of the Litigation . . and provide Office Depot with a reasonable defense. . . . Sakar has retained this firm to handle the Litigation.

Thus, Sakar undertook to defend Office Depot at "its expense and through counsel of its choice" and that it, Sakar, would have "sole control of the Litigation."

Sakar subsequently refused to pay some of Ostrolenk's fees and was sued by Ostrolenk in Supreme Court, New York County. Ostrolenk Faber LLP v. Sakar International, Inc., Index No. 657134/2017 (N.Y. Sup. Ct., N.Y. Co.). At first, Sakar claimed that the Ostrolenk firm had performed services for Office Depot above and beyond what Sakar had retained Ostrolenk to perform but later withdrew that allegation. While that assertion by Sakar was pending, Ostrolenk brought the main action in this Court against Office Depot.

On June 5, 2019, Lloyd M. Eisenberg, counsel of record for Sakar in this action, wrote to Jonathan Liss, counsel of record for Office Depot in this action, as follows:

> . . . Sakar agrees to fully defend and indemnify Office Depo[t]—including taking care of your firm's fees. If you'd like, please draft and agreement satisfactory to Office Depot.
>
> Sakar has asked that your firm turn over the Os[tr]olenk/Office Depo[t] matter to my firm immediately and that you bill no further time to it.

(Liss Dec. Ex. 8.)

The next day, Office Depot's counsel transmitted a two-page letter agreement that referenced the provisions of the Vendor Agreement and noted the direct relationship of the Ostrolenk claim before this Court to the Voltstar Action. It confirmed that Sakar wanted Eisenberg's firm to take over the defense of the Ostrolenk claim. (Liss Decl. Ex. 9.) Sakar's

counsel never responded to the substance of the draft letter agreement. Liss repeatedly followed up with Eisenberg, who in turn promised to follow up with Sakar. (Liss Decl. Ex 10.) As of June 20, 2019, Eisenberg reported that he had "not yet heard back from Sakar despite my best effort's." (Liss Decl. Ex. 13.) As of June 27, Eisenberg reported that he had "barely heard from Sakar since you prepared the indemnity letter despite many attempts to follow up." (Liss Decl. Ex. 14.) Eisenberg indicated that he could not accept service of Office Depot's third-party complaint. (Doc. 36.)

Ultimately, Sakar settled with Ostrolenk, causing Ostrolenk to dismiss its claim against Office Depot, which it did on July 18, 2019. On September 10, 2019, Office Depot and Sakar agreed "to submit the issue of the amount of reasonable attorneys' fees to the Court for resolution." (Order of September 10, 2019; Doc 47.)

THE FEES AND EXPENSES REQUESTED ARE REASONABLE

Office Depot seeks the sum of $148,596.28 in fees and expenses in defending the action brought by Ostrolenk and in prosecuting the indemnity claim against Sakar.[3]

Counsel for Office Depot – Mr. Liss, Ms. DeCottis and Mr. Chevalier – entered their notice of appearance in the action on January 23, 2019. They prepared a four-page pre-motion letter in advance of the initial conference arguing that the quasi-contract claims ought to be dismissed and seeking a stay of the entire litigation pending the resolution of the state court action between Ostrolenk and Sakar. (Doc. 13.) In advance of the initial conference, they conferred with Ostrolenk's counsel on a joint letter describing the issues in the action and on a proposed Case Management Plan and Scheduling Order. (Doc. 14, 16.)

[3] The figure of $148,596.28 is reflected in the record of fees and expenses submitted by Office Depot pursuant to the Order of June 25, 2020. (Doc. 57, 58.) Office Depot's reply papers cite the slightly higher figure of $148,931.78. (Doc. 55.)

At the initial conference, the Court concluded that there was no basis for a stay and that so much of the motion as sought to dismiss the quasi-contract claim should await the summary judgment stage. (Doc 16.) After the Case Management Plan and Scheduling Order was entered, Office Depot sought certain modifications, which the Court granted. (Doc 17, 18.)

Office Depot filed an Answer to the Complaint and Counterclaim. While Sakar endeavors to characterize the action as a straightforward suit for $239,000 in fees, the Ostrolenk firm pled its claim in a 65-paragraph First Amended Complaint asserting unjust enrichment and quantum meruit. Office Depot's pleading answered the allegations and asserted 16 affirmative defenses and a 20-paragraph counterclaim asserting breach of contract and breach of the implied covenant of good faith and fair dealing. (Doc. 19.)

On the same day it filed its answer and counterclaim, Office Depot sought leave to add Sakar as a third-party defendant (Doc. 20), which the Court granted. (Doc. 22.)

Office Depot sought a two-week extension on its production of documents. (Doc. 26.) The Court entered a Revised Case Management Plan and Scheduling Order. (Doc. 27.)

Office Depot sought to file a motion for summary judgment, the grounds for which it described in a 5-page letter. (Doc. 29.) In response, the Court denied the request without prejudice to renewal after the close of fact discovery. (Doc 30.)

Sakar twice complained to the Court that Office Depot was stalling in its production of documents. (Doc 28, 32.) The Court entered an Order compelling Office Depot to respond to two sets of discovery requests by July 9, 2019, including providing a listing pursuant to Local Civil Rule 26.2 of all documents withheld on the grounds of privilege and work product.

(Doc 35.) There was apparent compliance with the Order without further need for judicial intervention.

Sakar settled with Ostrolenk and caused the law firm to dismiss its claims against Office Depot on July 18, 2019. (Doc. 40, 46 at ¶ 27.) On September 10, 2019, the parties agreed to submit the attorneys' fees issue to the Court. (Doc. 47.)

The agreements between Office Depot and Sakar are governed by New York law. (Doc 20-5 ¶ 9; Doc 20-7 ¶ 9.) Under New York law, "when a contract provides that in the event of litigation the losing party will pay the attorneys' fees of the prevailing party, the court will order the losing party to pay whatever amounts have been expended by the prevailing party, so long as those amounts are not unreasonable." F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1263 (2d Cir. 1987).

While the Court has discretion to determine the reasonableness of attorney's fees, "the district court must abide by the procedural requirements for calculating those fees . . . ." Millea v. Metro-North R.R. Co., 658 F.3d 154, 167 (2d Cir. 2011). In a fee-based case, the court determines a reasonable hourly rate and applies it to the reasonable number of hours expended on the case that results in the lodestar or "presumptively reasonable fee." Id.

"The reasonable hourly rate is the rate a paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008). The relevant rates "are the market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (internal quotation marks and citation omitted). The Court should also consider "all of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees in setting a

reasonable hourly rate," including the twelve factors enumerated in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds, Blanchard v. Bergeron, 489 U.S. 87 (1989).[4] Arbor Hill, 522 F.3d at 190 (emphasis in original).

Gibbons PC, the law firm representing Office Depot, billed Office Depot at the following rates: Charles H. Chevalier, Director, at $595 per hour; Jonathan S. Liss, Director, at $525 per hour until September 1, 2019 when the rate increased to $540 per hour; Daniel S. Weinberger, Associate, at $395 per hour; Leigh A. DeCotis, Associate, at $395 per hour; Fritz Sammy, Case Manager, $235 per hour; Shiva Khansari, Case Manager, at $230 per hour until September 1, 2019 when the rate increased to $240 per hour; Diane Whitford, Case Manager at $210 per hour until September 1, 2019 when the rate increased to $220 per hour; Martin G, Brech at $240 per hour until September 1, 2019 when the rate increased to $250 per hour; and Robin Traylor at $230 per hour.

In support of the claim that the rates are reasonable in the New York market for commercial cases, Office Depot submits two articles from the National Law Journal from 2015 reflecting partner rates averaging around $500 per hour. This Court recently cited a range of rates in commercial matters that are significantly higher than those sought by Gibbons PC. See Ballinasmalla Holdings Ltd. v. FCStone Merch. Servs., LLC, No. 18-CV-12254 (PKC), 2020 WL 814711, at *1-3 (S.D.N.Y. Feb. 19, 2020). The Court concludes that the hourly rates charged by Gibbons PC and paid by Office Depot reflect market rates for lawyers of comparable skills and experience.

---

[4] The twelve Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Arbor Hill, 522 F.3d at 186, n.3 (citing Johnson, 488 F.2d at 717-19).

Having reviewed the daily time entries, the total number of hours billed by Gibbons PC, from December 2018 through to the present, 316.5 hours, is reasonable.[5] The work is adequately described and, based upon the Court's experience and knowledge of the case, the time spent was appropriate to the task.

Sakar complains because the main claim against Office Depot was for $239,000 in legal fees (Amended Compl. ¶ 22; Doc 8) and Office Depot spent $142,143 in attorney time defending against it. The principal consideration is the reasonableness of the time spent at a given rate, not the size of the claim. Office Depot need not have caved and paid Ostrolenk's claim, regardless of its merit, nor hired the least-expensive lawyer willing to do the work.

This is not an involuntary fee-shifting case under a statute that awards fees to a prevailing party. Sakar knew or should have known that the caselaw interpreting a reasonable hourly rate would incorporate market rates for this type of work. Parties to a contract are free to place a cap on fee-shifting provisions but these parties did not elect to do so. The requested attorneys' fees will be awarded as reasonable.

The Court also concludes that expenses of $6,453.28, most of which were paid directly by Office Depot to an e-discovery vendor, are also reasonable.

CONCLUSION

The motion of Office Depot for the award of attorneys' fees and expenses from Sakar (Doc. 48) is GRANTED in the amount of $148,596.28. The Clerk shall enter judgment in favor of Office Depot in said amount on so much of Count I of the third-party complaint as seeks any fees and costs Office Depot associated with defending this action and prosecuting the third-

[5] Two lawyers, Jonathan Liss and Daniel Weinberger, billed 234 of those hours.

party complaint. All other claims in the third-party complaint and any other pleading are dismissed as moot. The Clerk also shall close the case.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
July 8, 2020